# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOHN DOE and JANE DOE, parents and legal guardians of JANIE DOE, a minor child, </br></br>    Plaintiffs, </br></br>v. </br></br>WILLIAMSON COUNTY BOARD OF EDUCATION, </br></br>    Defendant. | CIVIL ACTION NO.: 3:17-cv-1032 </br>Judge Waverly Crenshaw </br>Magistrate Judge Barbara D. Holmes |

## WILLIAMSON COUNTY BOARD OF EDUCATION'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT

Comes Defendant Williamson County Board of Education, hereinafter ("WCBOE"), pursuant to this Court's Order dated September 18, 2017 (Doc. 19), and for answer to the Amended Complaint filed against it would state as follows:

WCBOE denies that it exhibited deliberate indifference in its response to Plaintiff "Janie Doe's" allegations of assault and or harassment WCBOE denies that it failed to appropriately investigate and respond to Plaintiff's allegations or that its actions subjected Plaintiff to sex-based discrimination or a hostile learning environment. WCBOE denies that its customs or practices have created an environment where victims of sexual assault are marginalized or where perpetrators of sex-based discrimination can harass with impunity.

WCBOE denies any violation of Title IX and denies that it deprived Plaintiff "Janie Doe" of equal protection under the Fourteenth Amendment to the U.S. Constitution.

1. WCBOE admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331.

2. WCBOE admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1343.

3. WCBOE admits that Plaintiffs purport to bring this action to pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), but deny that Plaintiffs will be able to establish a claim for a hostile educational environment thereunder.

4. WCBOE admits that Plaintiffs purport to bring this action to redress deprivation of rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, but deny that Plaintiffs will be able to establish such a cause of action.

5. WCBOE admits that venue for this case properly lies in the Middle District of Tennessee.

6. WCBOE admits on information and belief that "John and Jane Doe" are the parents of the Plaintiff "Janie Doe", and are residents of Spring Hill, Williamson County, Tennessee, and that they bring this lawsuit on behalf of their minor daughter, "Janie Doe."

7. WCBOE admits that Plaintiff "Janie Doe" is a minor and at all times complained of herein was a student attending Independence High School ("Independence High"), a public high school under the authority and control of WCBOE.

8. WCBOE admits that it is the public governing entity, located in Williamson County, Tennessee, having policy making authority over Williamson County public schools, including Independence High. WCBOE admits that at all times relevant to this action it was a recipient of federal funds.

9. WCBOE admits that the student Plaintiff "Janie Doe" alleges assaulted her was a male student attending Independence High.

10. As to the allegations of Paragraph 10 of the Amended Complaint, WCBOE avers that the language of Title IX speaks for itself and requires no response from this Defendant.

11. As to the allegations of Paragraph 11 of the Amended Complaint, WCBOE avers that the language of the regulation speaks for itself and requires no response from this Defendant.

12. WCBOE avers that the holding of *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), speaks for itself and that Plaintiffs' characterization of such holding requires neither admission nor denial by this Defendant.

13. WCBOE admits that the Fourteenth Amendment to the United States Constitution provides in part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

14. The allegations of Paragraph 14 of the Amended Complaint are admitted.

15. The allegations of Paragraph 15 of the Amended Complaint are denied.

16. Defendant denies that WCBOE is responsible for "ensuring" that all its employees are properly trained and supervised, but admits that WCBOE is responsible for providing an appropriate level of training and supervision.

17. The allegations of Paragraph 17 of the Amended Complaint are admitted, except that Defendant denies that its investigation supported a finding that an "attack" occurred.

18. The allegations of Paragraph 18 of the Amended Complaint are admitted, except that Defendant denies, based upon its investigative findings, that an "attack" occurred.

19. Defendant admits that during the Fall 2016 Semester, "Janie" and "JJ" were enrolled in a class together.

20. Defendant admits that "Janie" and "JJ" were both involved in an extracurricular school-sponsored activity that required after-school attendance.

21. Defendant denies that students involved in the after-school activity were permitted to "wander around" Independence High unsupervised. Defendant admits that high school students are not always directly supervised at all times that they are on school grounds.

22. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 22 of the Amended Complaint.

23. Defendant admits that there were approximately 75 students involved in the after-school activity. Defendant admits that there was only one teacher providing student supervision and oversight for the specific activity in which "Janie" was participating. Adult volunteers may also have been present, but Defendant has no records

4

that would specifically indicate which, if any, parents might have been present on that date.

24. Defendant lacks first-hand knowledge sufficient to admit or deny the allegations of Paragraph 24 of the Amended Complaint, but avers that its investigation did not support this conclusion.

25. Defendant lacks first-hand knowledge sufficient to admit or deny the allegations of Paragraph 25 of the Amended Complaint, but avers that its investigation did not support this conclusion.

26. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 26 of the Amended Complaint.

27. Defendant lacks sufficient first-hand knowledge to admit or deny the allegations of Paragraph 27 of the Amended Complaint, but avers that its investigation did not support this conclusion.

28. Defendant admits on information and belief that one of the friends came to school to get "Janie."

29. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 29 of the Amended Complaint.

30. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 30 of the Amended Complaint.

31. WCBOE admits that "Janie" did not make a report for several months. WCBOE lacks sufficient information to admit or deny what "Janie" reported to her parents or to admit or deny her motivation for not reporting to school officials.

32. WCBOE admits that in February 2017, "Janie" reported a sexual assault to school officials. WCBOE lacks sufficient information to admit or deny the motivation for the report.

33. WCBOE admits that "Janie" reported that she was sexually assaulted to a teacher.

34. WCBOE admits that "Janie" reported that she was sexually assaulted to Kevin Dyson, the Ninth-Grade Assistant Principal ("the Assistant Principal"), and Dr. Patton, the Principal ("the Principal").

35. WCBOE admits that "Janie" gave a written statement that set forth her account of the events to the school resource officer and that this statement was shared with the Assistant Principal and Principal.

36. WCBOE admits that "John and Jane Doe" were notified after the report was made.

37. WCBOE admits that the Principal and Assistant Principal had actual knowledge that "Janie" had reported a sexual assault on or about February 6, 2017.

38. WCBOE admits that the allegations of Paragraph 38 of the Amended Complaint accurately describe a portion of the WCBOE Anti-Harassment Policy.

39. WCBOE admits that the policy requires the Principal to forward a report to the Coordinator of Student and Employee Relations within 24 hours.

40. WCBOE denies the allegation that the Principal failed to notify the Coordinator of Student and Employee Relations. WCBOE admits that the principal did not prepare a formal written report to the Coordinator of Student and Employee Relations.

6
Case 3:17-cv-01032   Document 20   Filed 09/18/17   Page 6 of 15 PageID #: 112

41. WCBOE admits that the Principal and Assistant Principal advised the Plaintiffs that the school would look into "Janie's" allegations and that the school had turned the information over to the School Resource Officer, who was filing a report with the Williamson County Sheriff's Department. The Principal also advised the Plaintiffs that they could contact law enforcement directly for updates and additional information.

42. WCBOE admits that Plaintiffs were not given copies of the Anti-Harassment Policy but denies the allegation that they were not advised of the process and procedures under the policy.

43. WCBOE admits on information and belief that the Plaintiffs reported "Janie's" allegations to the police, and further aver that WCBOE notified law enforcement via the school resource officer, who is an employee of the Williamson County Sheriff's Department.

44. WCBOE admits that the Principal removed "JJ" from "Janie's" class pending the outcome of the investigation.

45. WCBOE admits that the Principal questioned "JJ" regarding "Janie's" allegations.

46. WCBOE admits that the Principal questioned "Janie's" two friends regarding the allegations, but denies that she did so in February 2017. Rather, she did so after being informed that the law enforcement investigation was completed.

47. The allegations of Paragraph 47 of the Amended Complaint are denied.

48. WCBOE admits that "Jane Doe" requested information from the Principal via email on March 2, 2017.

7
Case 3:17-cv-01032 Document 20 Filed 09/18/17 Page 7 of 15 PageID #: 113

49. WCBOE admits that the Principal advised "Jane Doe" that the school had not yet received notice that the police investigation was completed.

50. The allegations of Paragraph 50 of the Amended Complaint are admitted.

51. WCBOE admits that in a letter dated April 5, 2017, the Superintendent responded, through the Williamson County Board of Education attorney, by providing copies of nonprivileged documents relating to the School's investigation. WCBOE avers that the response omitted documents related to other students that would be protected under the Federal Educational Right to Privacy Act.

52. WCBOE admits that Independence High is equipped with video surveillance cameras in some areas of the school

53. WCBOE admits that because "Janie's" report was made several months after the events are alleged to have occurred, the video had been overwritten several times before any allegation that could have prompted preservation had been made.

54. WCBOE admits that "Janie" and "JJ" both continued to attend school at Independence High School for the 2016-2017 school year. WCBOE lacks sufficient information to admit or deny whether "Janie" encountered additional harassment, but would aver that no such harassment was reported to school officials.

55. The allegations of Paragraph 55 of the Amended Complaint are denied.

56. WCBOE denies that its agents failed to take appropriate action to investigate or otherwise determine what occurred in response to "Janie's" allegations.

57. The allegations of Paragraph 57 of the Amended Complaint are denied.

58. WCBOE denies the allegation that "Janie" has not received notice as to the final outcome of her report of sexual harassment to school officials.

59. WCBOE denies the allegation that it failed to take reasonable and appropriate action to complete an investigation. WCBOE denies that its actions or inactions subjected "Janie" to harassment and/or a hostile educational environment.

60. WCBOE denies the allegation that it failed to follow the policies and procedures for investigating a sexual assault as set forth in its Anti-Harassment Policy.

61. WCBOE denies that its Anti-Harassment Policy fails to comply with the applicable requirements of Title IX.

62. WCBOE denies the allegation that it failed to provide training to school officials regarding compliance with its Anti-Harassment Policy or Title IX.

63. The allegations of Paragraph 63 of the Amended Complaint are denied.

64. WCBOE lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged damages, but deny that they were the result of conduct by WCBOE or its agents.

65. The allegations of Paragraph 65 of the Amended Complaint are denied.

66. All previous answers are incorporated by reference as if stated in full herein.

67. As to the allegations of Paragraph 67 of the Amended Complaint, WCBOE avers that the language of Title IX speaks for itself and requires no response from this Defendant.

68. As to the allegations of Paragraph 68 of the Amended Complaint, WCBOE avers that the language of Title IX speaks for itself and requires no response from this Defendant.

69. As to the allegations of Paragraph 69 of the Amended Complaint, WCBOE avers that the language of Title IX speaks for itself and requires no response from this Defendant.

70. As to the allegations of Paragraph 70 of the Amended Complaint, WCBOE avers that the language of Title IX speaks for itself and requires no response from this Defendant.

71. WCBOE admits that the U.S. Department of Education's Office of Civil Rights ("OCR") guidance estimates "a typical investigation takes approximately 60 calendar days following receipt of the complaint." (OCR, April 4, 2011 DCL, pg. 12).

72. WCBOE admits that the language contained in Paragraph 72 of the Amended Complaint is contained in OCR guidance, but is incomplete and is taken out of context in that OCR guidance allows the school to defer active investigation pending completion of an initial criminal investigation so long as steps are taken to protect the complainant, as they were in this case.

73. WCBOE admits that the language contained in Paragraph 73 of the Amended Complaint is contained in OCR guidance, but is incomplete and is taken out of context in that OCR guidance allows the school to defer active investigation pending completion of an initial criminal investigation so long as steps are taken to protect the complainant, as they were in this case.

74. The allegations of Paragraph 74 of the Amended Complaint are denied.

75. The allegations of Paragraph 75 of the Amended Complaint are denied.

76. WCBOE admits that the Principal received actual notice that "Janie" had reported a sexual assault on or about February 6, 2017.

77. WCBOE admits that the Principal initiated an investigation and denies that the Principal failed to complete the investigation within a reasonable period of time.

78. The allegations of Paragraph 78 of the Amended Complaint are denied.

79. WCBOE admits that the Principal delayed completing the school investigation pending the completion of an initial criminal investigation, but avers that interim reasonable steps were taken to separate the students and to protect Plaintiff.

80. The allegations of Paragraph 80 of the Amended Complaint are denied.

81. The allegations of Paragraph 81 of the Amended Complaint are denied.

82. The allegations of Paragraph 82 of the Amended Complaint are denied.

83. The allegations of Paragraph 83 of the Amended Complaint are denied.

84. The allegations of Paragraph 84 of the Amended Complaint are denied.

85. The allegations of Paragraph 85 of the Amended Complaint are denied.

86. All previous answers are incorporated by reference as if stated in full herein.

87. WCBOE admits that the Fourteenth Amendment protects public school students from governmental actions that deny them equal protection of the laws.

88. The allegations of Paragraph 88 of the Amended Complaint are admitted.

89. The allegations of Paragraph 89 of the Amended Complaint are admitted.

90. The allegations of Paragraph 90 of the Amended Complaint are denied.

91. The allegations of Paragraph 91 of the Amended Complaint are denied.

92. The allegations of Paragraph 92 of the Amended Complaint are denied.

93. The allegations of Paragraph 93 of the Amended Complaint are denied.

94. The allegations of Paragraph 94 of the Amended Complaint are denied.

95. The allegations of Paragraph 95 of the Amended Complaint are denied.

96. The allegations of Paragraph 96 of the Amended Complaint are denied.

97. All previous answers are hereby incorporated by reference as if set forth in full herein.

98. The allegations of Paragraph 98 of the Amended Complaint are admitted.

99. The allegations of Paragraph 99 of the Amended Complaint are denied.

100. WCBOE admits that the Fourteenth Amendment protects public school students from governmental actions that deny them equal protection of the laws.

101. WCBOE admits that it was aware that its response to sexual assault allegations must comply with applicable law.

102. The allegations of Paragraph 102 of the Amended Complaint are denied.

103. The allegations of Paragraph 103 of the Amended Complaint are denied.

104. The allegations of Paragraph 104 of the Amended Complaint are denied.

105. WCBOE admits that Paragraph 105 the Amended Complaint quotes excerpts of its Anti-Harassment Policy.

106. The allegations of Paragraph 106 of the Amended Complaint are denied.

107. WCBOE admits the Principal did not provide the Coordinator of Student and Employee Relations a formal written report regarding "Janie's" complaint of sexual harassment within 24 hours of the complaint, but avers that the Principal did inform the Coordinator of same within 24 hours.

108. WCBOE admits that the Principal, rather than the Coordinator of Student and Employee Relations, conducted the investigation, as authorized by the policy for complaints answered at the school level.

109. The allegations of Paragraph 109 of the Amended Complaint are denied.

110. The allegations of Paragraph 110 of the Amended Complaint are denied.

111. The allegations of Paragraph 111 of the Amended Complaint are denied.

112. The allegations of Paragraph 112 of the Amended Complaint are denied.

113. The allegations of Paragraph 113 of the Amended Complaint are denied.

114. The allegations of Paragraph 114 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

1. The allegations contained in the complaint fail to state a claim upon which relief can be granted against Defendant since Plaintiffs failed to allege facts supporting the claim that Defendant acted with deliberate indifference to "Janie Doe's" rights.

2. The claims of "John and Jane Doe" in their own behalf fail to state a claim upon which relief can be granted.

3. The complaint fails to state a claim upon which relief can be granted for failure to train, as Plaintiffs did not allege facts which would support a finding of failure to train which rises to the level of deliberate indifference to "Janie Doe's" constitutional rights.

4. The allegations of the Amended Complaint fail to state a claim upon which relief can be granted since Plaintiffs cannot establish that the alleged harassment was committed by an agent or employee of the Williamson County Board of Education, or that the Defendant allowed the alleged harassment to continue after becoming aware of the same.

5. Williamson County Board of Education is not subject to liability under Title IX because it has adopted and published an effective policy for reporting and redressing sexual harassment, pursuant to which it conducted a prompt and thorough investigation of Plaintiff's allegations and implemented appropriate responsive actions.

6. The claims against the WCBOE arising under 42 U.S.C. § 1983 must be dismissed where Plaintiffs have established no policy, practice or custom of WCBOE that caused Plaintiffs' alleged injury.

7. Plaintiffs are not entitled to injunctive or declaratory relief.

8. Plaintiffs lack standing to pursue injunctive relief as the alleged assailant no longer attends school with "Janie Doe", thereby negating the risk of future harm to her.

9. WCBOE did not receive actual notice of the alleged assault or any harassment until months after the alleged assault was purported to have occurred. WCBOE has not received actual notice of any other instance of sexual harassment involving "Janie Doe."

10. WCBOE avers that "Janie Doe" has not been denied equal access to education.

NOW HAVING FULLY ANSWERED, Defendant respectfully requests that this Honorable Court dismiss all claims, with costs taxed to Plaintiffs.

Respectfully submitted,

/s/Lisa M. Carson_____
Lisa M. Carson, BPR #14782
Lee Ann Thompson, BPR #28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorneys for Defendant Williamson County Board of Education*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
lcarson@buergerlaw.com
lthompson@buergerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered via electronic mail to Counsel for Plaintiffs, Ernie E. Gilkes, III and Leighton G. Linning, Covenant Law Group, PLLC, 320 Seven Springs Way, Suite 250, Brentwood, TN 37027 on this the 18th day of September, 2017.

/s/Lisa M. Carson